UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Plaintiff,

v.

Case No: 26-cr-20204
Honorable Linda V. Parker

Jacob Croy,

Defendant.
______________________________/

**OPINION AND ORDER FINDING DEFENDANT NOT COMPETENT TO STAND TRIAL AND COMMITTING DEFENDANT FOR TREATMENT PURSUANT TO 18 U.S.C. § 4241(d) AND EXCLUDING TIME PURSUANT TO THE SPEEDY TRIAL ACT, 18 U.S.C. § 3161(h)**

Defendant Jacob Croy is charged in an Indictment with use of an instrument of interstate or foreign commerce to threaten to destroy a building through the use of an explosive in violation of 18 U.S.C. § 844(e). On May 18, 2026, the Court ordered a competency evaluation by licensed psychiatrist Dr. Daniel Mayman, finding reasonable cause to believe that Mr. Croy may presently be suffering from a mental disease or defect rendering him mentally incompetent to stand trial. *See* 18 U.S.C. § 4241(a). After Dr. Daniel Mayman completed his evaluation and issued a report, the Court held a competency hearing on November 12, 2026.

At the hearing on November 12, Mr. Croy was represented by counsel and was afforded adequate opportunity to be heard and present evidence. Having

reviewed the forensic evaluation report by Dr. Mayman, which was uncontested, as well as having heard from the parties and after questioning Dr. Mayman, who was present via Zoom, the Court found that Mr. Croy is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(d).

Accordingly, pursuant to § 4241(d),

**IT IS ORDERED** that Mr. Croy shall be committed to the custody of the Attorney General for a reasonable period, not to exceed four months, to (a) determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward, and (b) provide treatment to restore competency, if possible.

**IT IS FURTHER ORDERED** that within the period of time authorized by this Order, or such additional reasonable period of time approved by the Court pursuant to 18 U.S.C. § 4241(d)(2), the Attorney General must advise the Court whether Mr. Croy's mental condition has so improved that trial may proceed. On receipt of that report, Mr. Croy must be returned to this Court for a status conference and further determination as to his competency. If it is determined that Mr. Croy's mental condition has not so improved as to permit the proceedings to

go forward, he shall be subject to the provision of 18 U.S.C. §§ 4246 and 4248. *See* 18 U.S.C. § 4241(d).

**IT IS FURTHER ORDERED** that the United States Marshal's Service must promptly and expeditiously transfer Mr. Croy to a suitable facility, to be determined by the Attorney General, and that the United States Marshal's Service must do this as quickly as reasonably possible to minimize the period during which Mr. Croy must travel to, be confined in, and be returned from the facility where such treatment will be conducted.

**IT IS FURTHER ORDERED** that, pursuant to the Speedy Trial Act, the period from the filing of this Opinion and Order up to and including the date on which a final decision is made regarding Mr. Croy's competency to proceed to trial is excludable delay under 18 U.S.C. §§ 3161(h)(1)(A), (F), (H).

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 18, 2026